UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ABDUL GILBERT,

        Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

        Defendant.

CASE NO. 3:17-CV-05100-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that his transfer from King County to the Washington Corrections Center was invalid, resulting in false imprisonment. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff does not have a liberty interest in his classification status or being transferred. Moreover, to the extent that plaintiff seeks damages for false imprisonment; he has not alleged that his conviction or sentence has been overturned. However, the Court provides plaintiff leave to file an amended pleading by March 24, 2017, to cure the deficiencies identified herein.

ORDER TO SHOW CAUSE OR AMEND - 1

BACKGROUND

Plaintiff, who is currently incarcerated at the Stafford Creek Corrections Center ("SCCC"), alleges that he has been falsely imprisoned since 2006 because the judge failed to sign his Felony Warrant of Transfer to the Department of Corrections ("DOC"). Dkt. 4 at 2, 5; Dkt. 4-1 at 9 (Felony Warrant of Transfer from King County, Washington). Plaintiff alleges that he was not aware of this claim until April 2015 when he requested his central file from the DOC. Dkt. 4 at 5. Plaintiff seeks damages of $2,500 per day, totaling $9,962,500.00. *Id.* at 3. Plaintiff also styles his complaint as a "tort claim." *See* Dkt. 4, Dkt. 4-1.

DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

A. Improper Defendant

Plaintiff names the DOC as the only named defendant. Dkt. 4. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under § 1983, and should not be named as a defendant in an amended complaint.

B. Invalid Warrant of Transfer

Plaintiff alleges that he is currently incarcerated based on an "Invalid Felony Warrant of Transfer to the Department of Corrections Pending Direct Appeal." Dkt. 4 at 2; Dkt. 4-1 at 9. Plaintiff alleges that the judge failed to sign his Warrant of Transfer. *See* Dkt. 4 at 2-3. As an initial matter, the Court notes that plaintiff attached a copy of the Warrant of Transfer to his complaint, and it appears that Judge Bruce Hilyer's typed name appears on the signature line of the document. Dkt. 4-1 at 9. The Warrant of Transfer states that a judgment was entered against plaintiff in the Superior Court of the State of Washington, King County. Dkt. 4-1 at 9. Plaintiff was convicted of first degree murder and two counts of first degree assault. *Id.* at 10. Plaintiff was then transferred to DOC custody pending appeal in the State of Washington. *Id.* at 9.

To the extent that plaintiff is alleging that his transfer from King County to DOC custody is invalid, prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976). Moreover, prisoners have no constitutionally protected right to classification status pursuant to the Fourteenth Amendment. *See, e.g. Camarena v. Adams*, 11 Fed.Appx. 789, 790 (9th Cir. 2001); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Therefore, plaintiff has not demonstrated a deprivation of a constitutional right regarding his transfer from King County to DOC custody. Plaintiff is directed to show cause why this claim should not be dismissed.

To the extent that plaintiff is alleging that he has been unlawfully incarcerated based on an invalid transfer or judgment, plaintiff does not allege that his conviction or sentence have been reversed or otherwise declared invalid. Thus, it appears that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Cabrera v. City of Huntington Park*, 159 F.3d

1 374, 380 (9th Cir. 1998) (false arrest and imprisonment claims barred by *Heck* given that success on those claims would require a demonstration of a lack of probable cause for the arrest and a finding of no probable cause would necessarily imply invalidity of conviction). Therefore, plaintiff has not demonstrated a deprivation of a constitutional right regarding the alleged invalid transfer or judgment. Plaintiff is directed to show cause why this claim should not be dismissed.

C. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d

at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 24, 2017 the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 27th day of February, 2017.

J. Richard Creatura
United States Magistrate Judge