UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ABDUL GILBERT,

            Plaintiff,

v.

JODY BECKER-GREEN, et al.,

            Defendants.

CASE NO. 3:17-CV-05100-RBL-JRC

SECOND ORDER TO SHOW CAUSE OR AMEND AND ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that he is being unlawfully imprisoned. Having reviewed and screened plaintiff's first amended complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's first amended complaint because plaintiff does not have a liberty interest in his classification status or being transferred. Moreover, to the extent that plaintiff seeks damages for unlawful imprisonment; he has not alleged that his conviction or sentence has been overturned. However, the Court provides plaintiff leave to file an amended pleading by July 14, 2017, to cure the deficiencies identified herein.

SECOND ORDER TO SHOW CAUSE OR AMEND
AND ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

BACKGROUND

Plaintiff, who is currently incarcerated because he never received a "Warrant of Commitment." Dkt. 8 at 3. Plaintiff seeks damages in the amount of $2,500 per day since February 3, 2006. *Id.* at 4. Plaintiff contends that his Felony Warrant of Transfer to the Department of Corrections was never signed or filed. Dkt. 8 at 6. Plaintiff also styles his complaint as a "tort claim." *See* Dkt. 8.

DISCUSSION

A. Deficiencies in First Amended Complaint

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's first amended complaint suffers from deficiencies requiring dismissal if not corrected in a second amended complaint.

1. Invalid Warrant of Transfer

Plaintiff alleges that he is currently incarcerated based on an "Invalid Felony Warrant of Transfer." Dkt. 8. Plaintiff alleges that the judge failed to sign his Warrant of Transfer. *See* Dkt. 8. As an initial matter, the Court notes that plaintiff attached a copy of the Warrant of Transfer to his complaint, and it appears that Judge Bruce Hilyer's typed name appears on the signature line of the document. Dkt. 8 at 13.

To the extent that plaintiff is alleging that his transfer from King County to DOC custody is invalid, prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976). Moreover, prisoners have no constitutionally protected right to classification status pursuant to the Fourteenth Amendment. *See, e.g. Camarena v. Adams*, 11 Fed.Appx. 789, 790 (9th Cir. 2001); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Therefore, plaintiff has not demonstrated a deprivation of a constitutional right regarding his transfer from King County to DOC custody. Plaintiff is directed to show cause why this claim should not be dismissed.

To the extent that plaintiff is alleging that he has been unlawfully incarcerated based on an invalid transfer or judgment, plaintiff does not allege that his conviction or sentence have been reversed or otherwise declared invalid. Thus, it appears that plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated." *Id.* at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (false arrest and imprisonment claims barred by *Heck* given that success on those claims would require a demonstration of a lack of probable cause for the arrest and a finding of no probable cause would necessarily imply invalidity of conviction). Therefore, plaintiff has not demonstrated a deprivation of a constitutional right regarding the alleged invalid transfer or judgment. Plaintiff is directed to show cause why this claim should not be dismissed.

2. Supervisory Liability and Personal Participation

In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978). Here, the only named defendants are various prison superintendents, who appear to have been named solely on the basis of their supervisory responsibility or position. Dkt. 8. However, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, "[s]upervisory liability exists even without overt personal

SECOND ORDER TO SHOW CAUSE OR AMEND
AND ORDER DENYING MOTION TO APPOINT
COUNSEL - 4

participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*quoting Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Redman v. County of San Diego*, 942 F.2d 1435, 1448 (9th Cir. 1991) (en banc) (*quoting Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir.1978)).

Here, plaintiff fails to allege any facts against the named defendants. Nowhere in his first amended complaint does plaintiff allege that the named defendants participated in any alleged violation of his constitutional rights nor does he explain how their participation caused him injury. Absent such allegations, these individuals must be dismissed.

If plaintiff intends to pursue this claim, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

3. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's first amended complaint. Plaintiff shall file a second amended complaint on or before July 14, 2017 on the form provided by the Court.

The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint or first amended complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 14, 2017 the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

B. Motion to Appoint Counsel (Dkt. 9)

Plaintiff's motion to appoint counsel (Dkt. 9) is DENIED. No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)

SECOND ORDER TO SHOW CAUSE OR AMEND
AND ORDER DENYING MOTION TO APPOINT
COUNSEL - 6

("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff fails to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. As noted above, plaintiff fails to allege facts supporting a § 1983 claim, and therefore there is no evidence to suggest that this case is likely to succeed on the merits. In addition, despite the somewhat unclear nature of plaintiff's allegations, it is not apparent that any difficulty plaintiff has in articulating the legal and factual bases of his claims is sufficient to establish exceptional circumstances. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time.

Dated this 19th day of June, 2017.

J. Richard Creatura
United States Magistrate Judge

SECOND ORDER TO SHOW CAUSE OR AMEND
AND ORDER DENYING MOTION TO APPOINT
COUNSEL - 7